James Patrick **SCOTT,**
**Plaintiff–Appellant,**

v.

**SILVER CREEK SKI CORPORATION,**
**Defendant–Appellee.**

**No. 86CA1696.**

Colorado Court of Appeals,
Div. V.

Dec. 8, 1988.

---

Johnson and Mahoney, P.C., Roger F. Johnson, Kathleen M. Shea, Denver, for plaintiff-appellant.

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

White and Steele, Stephen K. Gerdes, Peter W. Rietz, Denver, for defendant-appellee.

NEY, Judge.

The plaintiff, James Patrick Scott, appeals a judgment in favor of defendant, Silver Creek Ski Corporation (Silver Creek), entered on a jury verdict finding the plaintiff and defendant each 50% negligent. We affirm.

The plaintiff claimed that, while skiing, he was permanently injured by Silver Creek's negligence in allowing a bare spot to exist on its ski slope. The plaintiff maintains that the trial court erred in instructing the jury both as to the statutory rebuttable presumption of negligence of a skier who collides with a natural object and also that plaintiff's conduct could constitute negligence *per se*. We disagree.

The Ski Safety Act, § 33–44–101, et seq., C.R.S. (1984 Repl.Vol. 14), defines the rights, liabilities, and responsibilities of skiers and ski area operators. Section 33–44–104(1), C.R.S. (1984 Repl.Vol. 14) provides as follows:

"A violation of any requirement of this article shall, to the extent such violation causes injury to any person or damage to property, constitute negligence on the part of the person violating such requirement."

Section 33–44–109(1), C.R.S. (1984 Repl. Vol. 14) provides:

"Each skier solely has the responsibility for knowing the range of his own ability to negotiate any ski slope or trail and to ski within the limits of such ability."

Section 33–44–109(2), C.R.S. (1984 Repl.Vol 14) provides for a rebuttable presumption for skiers colliding with any person, natural object, or man-made structure.

"Each skier has the duty to maintain control of his speed and course at all times when skiing and to maintain a proper lookout so as to be able to avoid other skiers and objects. However, the primary duty shall be on the person skiing downhill to avoid collision with any person or objects below him. It is presumed, unless shown to the contrary by a preponderance of the evidence, that the responsibility for collisions by skiers with any person, natural object, or man-made structure marked in accordance with section 33–44–107(7) is solely that of the skier or skiers involved and not that of the ski area operator."

Based upon the foregoing statutes, and the evidence, the trial court instructed the jury in separate instructions both as to negligence *per se* that would be present if a violation of § 33–44–109(1), C.R.S. (1984 Repl.Vol. 14) were found to exist and the rebuttable presumption of § 33–44–109(2).

We are not persuaded by the plaintiff's argument that the use of the term "However" in § 33–44–109(2) prohibits the application of the general rule of negligence *per se* as set forth in § 33–44–104(1) in collision cases such that only a rebuttable presumption instruction should have been given. Where, as here, evidence would support either the conclusion that the plaintiff was negligent *per se* in not skiing within his ability in violation of § 33–44–109(1), C.R.S. (1984 Repl.Vol. 14) or that the plaintiff was presumptively negligent in not keeping a proper look-out or of maintaining control as required by § 33–44–109(2), the giving of both instructions was proper. *See Pizza v. Wolf Creek Ski Development Corp.*, 711 P.2d 671 (Colo.1985).

JUDGMENT AFFIRMED.

PLANK and JONES, JJ., concur.